# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IAN A. CULTRONA,

        Petitioner,    :    Case No. 2:22-cv-1965

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception Center,

    :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought by Petitioner *pro se* under 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Petition avers that Cultrona was convicted in the Common Pleas Court of Tuscarawas County on April 3, 2019, of aggravated robbery and three counts of felonious assault, each with a firearm specification, and thereafter sentenced to eleven years incarceration. He appealed to the Ohio Fifth District Court of Appeals where the conviction was affirmed. *State v. Cultrona*, 2020-Ohio-3250 (5th Dist. Jun. 5, 2020). Raising the same issues he had raised on direct appeal, Cultrona

appealed to the Supreme Court of Ohio, which declined to accept jurisdiction. *State v. Cultrona,* 2020-Ohio-3250 (2020). Cultrona also reports that on August 31, 2020, he filed an Application for Delayed Reopening of his Direct Appeal under Ohio R. App. P. 26(B) in the Fifth District Court of Appeals, raising the following issues:

> (1) The trial court abused its discretion in permitting irrelevant prejudicial acts evidence and inferences in violation of Evid. Rule 404(B);
>
> (2) Trial counsel was ineffective because he failed to properly investigate the case, failed to effectively cross examine key witnesses, and failed to introduce exculpatory evidence.

The Fifth District denied relief on October 8, 2020, and the Petition does not indicate Cultrona appealed further to the Supreme Court of Ohio.

Petitioner pleads the following Grounds for Relief:

> **Ground One:** The trial court committed an error when it permitted testimony that violated discovery rules and Petitioner's constitutional right to a fair trial.
>
> **Supporting Facts:** Sergeant Hamilton testified a second time about his newly-created cell phone map.
>
> **Ground Two:** The trial court committed error when it overruled defendant's motion in limine and gave the jury an instruction on "flight."
>
> **Supporting Facts**: There was a two-month time span between his crimes and his flight. The matter was a bond violation rather than a flight from justice and did not warrant a flight instruction.
>
> **Ground Three:** The trial court abused its discretion in permitting irrelevant prejudicial prior acts evidence and inferences in violation of Evid. R. 404(B).
>
> **Supporting Facts:** Appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel argument citing trial counsel's failure to present exculpatory evidence and effectively cross-examine witnesses.

**Ground Four:** Trial counsel was ineffective.

**Supporting Facts:** Trial counsel filed to properly investigate the case, failed to effectively cross-examine key witness, and failed to introduce exculpatory evidence.

(Petition, ECF No. 1).

# Analysis

**Ground One:  Denial of Fair Trial:  Permitting Violation of Discovery Rules**

In his First Ground for Relief Cultrona asserts he was denied a fair trial because the trial judge allowed violation of the discovery rules by permitting Sergeant Hamilton to take the stand a second time to testify about his revised cell-phone location map.

Cultrona presented this claim to the Fifth District Court of Appeals which overruled this assignment of error. It noted that Cultrona's counsel had accused Sergeant Hamilton of creating a misleading cell-phone location map by only plotting calls between Cultrona and a co-defendant, Lambes, and decided the claim as follows:

> {¶ 11} Also before trial, counsel for Cultrona filed a motion in limine objecting to the admission of a map created by Tuscarawas County Sheriff's Office Detective Sergeant Hamilton. Hamilton created the map from Cultrona's Verizon Wireless cell phone records, and showed where Cultrona was located when he made phone calls to Lambes on the day in question. Hamilton created the map using an FBI program called Castviz, a program on which he had received training. Counsel argued in part that Hamilton was not qualified to create such a map. Following a hearing on the matter, the trial court overruled Cultrona's motion.
>
> {¶ 12} Then, during trial, through the testimony of Hamilton, the state presented the Verizon Wireless cell phone records of Cultrona and Lambes and the map created by Hamilton. Each aided in putting Cultrona at the scene of the robbery.

3

> {¶ 13} On cross-examination, counsel for Cultrona suggested Hamilton selectively chose which records to map, limiting his map to communications between Cultrona and Lambes, and had excluded exculpatory records from his map. On redirect, Hamilton denied that accusation, and testified he had simply limited his analysis to the two suspects in the robbery.
>
> {¶ 14} Following a weekend break in the trial, at the request of the state, Hamilton produced another map which included all of Cultrona's call data from the day in question. The new map demonstrated that nothing exculpatory had been omitted from the first map. The state intended to recall Hamilton to the stand to discuss the new map and counsel for Cultrona objected to the same on the basis that the map was "prepared during the middle of trial," and that the information was "somewhat redundant." Transcript of Trial (T) 813-814. The court heard arguments on the matter and found Cultrona would suffer no prejudice. The court overruled the objection and permitted the state to recall Hamilton and present the new map.

*State v. Cultrona, supra,* at *2.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The question of whether a prosecutor has violated the Ohio criminal discovery rules is a question of Ohio law on which this Court is bound by the decisions of the Ohio courts. *Bradshaw v. Richey*, 546 U.S. 74 (2005). But whether a criminal defendant received a constitutionally fair trial is a federal constitutional question on which we must defer to the state courts unless their

decision is contrary to or an objectively unreasonable application of Supreme Court precedent. This decision of the Fifth District is neither. Sergeant Hamilton's first cell phone map was criticized on cross examination for omitting certain data points. There is nothing unfair about his revising his map to include those data points to respond to Cultrona's objections. Cultrona's counsel was free to cross-examine him again and point out any ways in which his initial criticism had not been met. Ground One should be dismissed on the merits.

**Ground Two: Erroneous Instruction on "Flight"**

In his Second Ground for Relief, Cultrona argues the trial court erred in instructing the jury that it could draw an inference of guilt from Cultrona's having fled the jurisdiction while out on bond. He presented this claim to the Fifth District on direct appeal and that court decided the issue as follows:

> {¶ 31} In his second assignment of error, Cultrona argues the trial court abused its discretion when it gave the jury a flight instruction. Cultrona argues because there was a two-month time span between his crimes and his flight, the matter was a bond violation rather than a flight from justice and did not warrant a flight instruction. We disagree.
>
> {¶ 32} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Martens*, 90 Ohio App.3d 338, 629 N.E.2d 462 (1993). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1993). Jury instructions must be reviewed as a whole. *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988).
>
> {¶ 33} The Ohio Supreme Court has held that flight from justice, and its analogous conduct, may be indicative of consciousness of guilt. *State v. Eaton*, 19 Ohio St.2d 145, 146, 249 N.E.2d 897, (1969)

> paragraph six of the syllabus, vacated in part on other grounds (1972), 408 U.S. 935, 92 S.Ct. 2857, 33 L.Ed.2d 750. In *Eaton*, the Court quoted 2 Wigmore on Evidence (3 Ed.), 111, Section 276:
>
>> Flight from justice, and its analogous conduct, have always been indicative of a consciousness of guilt. * * *
>>
>> It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.
>
> {¶ 34} *Eaton* at 160.
>
> {¶ 35} In *State v. Hand*, 107 Ohio St.3d, 378, the Ohio Supreme Court found "* * * admissibility of evidence of flight does not depend upon how much time passes between the offense and the defendant's flight. See *State v. Alexander* (Feb. 26, 1987), Cuyahoga App. No. 51784, 1987 WL 7079, *2. Indeed, flight on the eve of trial can carry the same inference of guilt as flight from the scene. *Id.*"
>
> {¶ 36} While Cultrona acknowledges *Hand*, he attempts to distinguish that matter from his own by pointing out that the defendant in *Hand* was charged with escape, while he was not. This is a distinction without a difference. Simply because Cultrona was not charged with escape does not make *Hand* any less applicable. "[F]light may be proven where it occurs after any event which would tend to spark a sharp impulse of fear of prosecution or conviction in a guilty mind." *State v. Jeffries*, 182 Ohio App.3d 459, 477, 913 N.E.2d 493, (11th Dist. 2009) quoting *United States v. Dillon*, 870 F.2d, 1125, 1128 (C.A. 6, 1989).
>
> *5 {¶ 37} Under the circumstances presented here, we conclude the trial court did not abuse its discretion in adopting the state's flight instruction.

*State v. Cultrona, supra*, at * 4-5.

Cultrona's Second Ground for Relief does not present a claim on which this habeas corpus court can grant relief. In the first place, he does not associate the asserted error with any constitutional claim. We are limited to granting habeas relief for violations of the United States

Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Second, Cultrona did not present this claim to the Fifth District as a constitutional claim and it is therefore procedurally defaulted. See *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

Ground Two should therefore be dismissed.

**Ground Three: Prior Bad Acts Evidence**

In his Third Ground for Relief, Cultrona claims the trial court abused its discretion in allowing prior bad acts evidence in violation of Ohio R. Evid. 404(B). Ground Three should be dismissed for the following reasons:

First of all, it is not a violation of the Constitution for a state trial judge to abuse his or her discretion. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Second, the Supreme Court has never held presentation of prior bad acts evidence violates the Constitution. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts

evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

Third, this ground for relief is procedurally defaulted because Cultrona never presented it to the Fifth District Court of Appeals on direct appeal.

For each of these three independent reasons, Ground Three should be dismissed.

**Ground Four: Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Cultrona contends he received ineffective assistance of trial counsel. The Sixth Amendment to the United States Constitution guarantees that every criminal defendant will receive the effective assistance of counsel in his or her defense. *Strickland v. Washington,* 466 U.S. 668 (1984). The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-

9

> probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

However, the Petition is completely conclusory in attempting to plead Ground Four. For example, Cultrona fails to plead what other facts defense counsel would have uncovered if he had properly investigated the case. What additional questions should he have asked in cross-examination? What exculpatory evidence was available that was not introduced? None of this is pleaded.

Ground Four is also procedurally defaulted. When a claim of constitutional violation such as ineffective assistance of trial counsel required proof outside the trial court record, Ohio provides that a defendant may file a petition for post-conviction relief under Ohio Revised Code § 2953.21 which allow introduction of evidence outside the trial court record. Cultrona's Petition does not indicate he ever filed such a petition for post-conviction relief and the time within which he could done so has now expired.

Ground Four should therefore be dismissed for failure to plead a claim and as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court

certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 20, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### 'NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #