# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IAN A. CULTRONA,

                Petitioner,            :     Case No. 2:22-cv-1965

    - vs -                          Chief Judge Algenon L. Marbley
                                                  Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception Center,

                                    :
            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner *pro se* under 28 U.S.C. § 2254, is before the Court for decision on the merits.  The relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 13), Respondent's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 18).

**Litigation History**

On January 18, 2019, the Tuscarawas County Grand Jury returned an eight-count indictment in case number 2018 CR 12 0462, charging Cultrona with three counts of attempted murder, one count of aggravated robbery, three counts of felonious assault, and one count of conspiracy. (Indictment, State Court Record, ECF No. 13; Ex. 1). All charges contained a firearm specification. *Id*.

1

At trial the jury found Cultrona guilty of aggravated robbery, felonious assault, and the firearm specifications on the felonious assaults, but not guilty on the conspiracy charge, as well as the firearm specifications on the conspiracy and aggravated robbery counts. (Verdicts, State Court Record, ECF No. 13, Exhibit 20). Because the jury was unable to reach verdicts on the three counts of attempted murder, the court declared a mistrial on those charges and the associated firearm specifications. (Judgment Entry, State Court Record, ECF No. 13, Exhibit 21).  Cultrona was sentenced to an aggregate prison term of eleven years; the State did not retry the mistried counts.

Cultrona appealed to the Ohio Fifth District Court of Appeals raising the following assignments of error:

> {¶ 18) "The trial court committed an error when it permitted Sergeant Hamilton to testify a second time regarding his newly created cell phone map, as that testimony violated discovery rules and appellant's constitutional right to a fair trial."
>
> {¶19) "The trial court committed error when it overruled defendant's motion in limine and gave the jury an instruction on "flight"."

The Fifth District overruled the First Assignment of Error as defaulted for lack of a contemporaneous objection and, reviewing for plain error, on the merits.  *State v. Cultrona,* 2020-Ohio-3250 ¶¶ 20-23 (Ohio App. 5th Dist. Jun. 5, 2020).  Cultrona did not argue his first assignment in terms of constitutional law at all, merely asserting that failure to enforce the Ohio discovery rules denied Cultrona a fair trial.  His second assignment of error about the flight jury instruction was also argued solely in terms of Ohio law.  Cultrona did not timely appeal to the Supreme Court of Ohio; he was granted leave to file a delayed appeal, but the Supreme Court eventually declined jurisdiction without deciding the case on the merits.

Cultrona then filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B), asserting ineffective assistance of appellate counsel in failing to raise the following assignments

of error:

> 1. The trial court abused its discretion in permitting irrelevant prejudicial prior acts evidence and inferences in violation of Evid.R. 404(B).
>
> 2. Violation of Cultrona's Sixth Amendment right to effective assistance of counsel.
>
> Cultrona's trial counsel's performance was deficient and prejudicial when said counsel failed to properly and effectively cross-examine key witnesses, introduce key exculpatory evidence of bullet holes in Cultrona's van that occurred during the shooting, and failed to properly investigate the case.

(Application, State Court Record ECF No. 13, Exhibit 32.) The Fifth District denied the

Application (*Id.* at Ex. 34) as well as a motion to reconsider (*Id.*. at Ex. 36). Cultrona appealed to

the Supreme Court of Ohio (*Id.* at Ex. 41) which declined to accept jurisdiction. *Id.* at Ex. 44.

Cultrona sought leave to file a delayed direct appeal (*Id.* at Ex. 46) which the Ohio Supreme Court

granted. *Id.* at Ex. 50. It then declined to exercise jurisdiction. *Id.* at Ex. 53.

Cultrona next filed his Petition for Writ of Habeas Corpus in this Court, raising the

following grounds for relief:

> **Ground One**: The trial court committed an error when it permitted testimony that violated discovery rules and petitioner's constitutional right to a fair trial.
>
> **Supporting Facts:** Sergeant Hamilton testified a second time about his newly created cell phone map.
>
> **Ground Two**: The trial court committed error when it overruled defendant's motion in limine and gave the jury an instruction on "flight."
>
> **Supporting Facts:** There was a two-month time span between his crimes and his flight, the matter was a bond violation rather than a flight from justice and did not warrant a flight instruction.

**Ground Three** The trial court abused its discretion in permitting irrelevant prejudicial prior acts evidence and inferences in violation of Evid.R. 404(B).

**Supporting Facts:** Appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel argument citing trial counsel's failure to present exculpatory evidence and effectively cross-examine witnesses.

**Ground Four**: Trial counsel was ineffective.

**Supporting Facts**: Trial counsel failed to properly investigate the case, failed to effectively cross-examine key witness, and failed to introduce exculpatory evidence.

(Petition, ECF No. 1, PageID #: 5-10).

# Analysis

**Statement of Facts**

Cultrona acknowledges the rule in habeas corpus law that findings of fact by the state courts which have previously heard the case are presumed to be correct and that their correctness can be rebutted only by proof in the record which shows those findings are in error by clear and convincing evidence (Reply, ECF No. 18, PageID 1932, citing 28 U.S.C. § 2254(e)(1) and *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998).)  To overcome this law, he asserts:

> [A] factual finding or assumption which lacks any record support or which is contradicted by evidence in the record will be held to be objectively unreasonable. See, *Titlow v. Burt*, 680 F.3d 577, 585-86 (6th Cir. 2012), rev'd on other grounds, 571 U.S. 12, 134 S. Ct. 10, 187 L. Ed. 2d 348 (2013); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007). Moreover, fact-based habeas relief can be granted on a claim adjudicated on the merits in state court only if Cultrona demonstrates that the adjudication of the ground "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2).

4

*Id.* at PageID 1932-33.

To attempt to satisfy this legal standard, however, Cultrona quotes six paragraphs of the appellate opinion in this case, but with his own additions, deletions, and interpolations which he says demonstrate the errors in the state court findings. For example, he copies and changes the following sentence from ¶ 7:

> A .357 revolver was recovered from the pocket of his coat, and a yellow bag containing marijuana was recovered [from a compartment, beyond a make shift curtain, from where Cultrona was taken into custody,] ~~among~~ [near] ~~Cultrona's~~ [an unidentified persons] belongings. [(State Court Record, Trial Transcript, PageID 1093-1094). Further, the record is wholly devoid of any evidence that Cultrona was found with a bag of marijuana. (State Court Record Ex. 54, Motion to Correct Sentence, PageID 459-460). Thus, any inference that the yellow bag was recovered among Cultrona's belongings is unreasonable, given the evidence before the Court.

(Reply, ECF No. 18, PageID 1935.) The balance of the quotation from the appellate opinion is of the same character with unattributed insertions and changes to the text where Petitioner cites no record reference to support the change. It is impossible to tell which portions of this response to the Statement of Facts is a quotation and which portions are Cultrona's own composition, made to look as if they are quotations. Much of the interpolated language is Cultrona's unacknowledged argument for what the finding should have been. These sections are largely unsupported by citations to the record, although the Order for Answer provides:

> When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number.

(ECF No. 9. [*Id.* 43)

In its present form, Cultrona's argument about the state court findings of fact does not

persuade the Court that those findings are clearly and convincingly rebutted by evidence of record. To the extent Cultrona objects to this conclusion, he must lay out in his Objections, with record citations, the evidence which he believes makes that rebuttal.

**Ground One: Trial court error in permitting Sergeant Hamilton to take the stand a second time to testify about his newly created cell phone map.**

Sergeant John Ryan Hamilton identified himself as the evidence technician for the Tuscarawas County Sheriff's Office (Motion in Limine Transcript, ECF No. 13-2, PageID 616). He was called to testify to his analysis of historic cell site data relating to the case. At the outset of his testimony, defense counsel renewed the objection he had made in a motion in limine to exclude this evidence altogether; the trial judge overruled it. *Id.* at PageID 1082[1]. Cultrona argued admission of the cell tower analysis would violate Ohio R. Evid. 701 and Petitioner's Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36 (2004), and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)(Motion, State Court Record, ECF No. 13, Ex. 15, PageID 117-18.) However when Cultrona appealed, he did not raise either of those claims or indeed any claim about the admission of Hamilton's original testimony (See Appellant's Brief, State Court Record, ECF No. 13, Ex. 29). Instead, he complained about Hamilton's being allowed to re-take the stand and present a new cell site map created in response to defense cross-examination. *Id.* at PageID 224.

The Fifth District found that the new map had been created to rebut Cultrona's claim during trial that the original map excluded exculpatory evidence, essentially a *Brady*[2] violation. The Fifth

---

[1] The Motion in Limine relating to cell tower records is at State Court Record, ECF No. 13, Ex. 15.
[2] The State has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83 (1963).

District found that in fact nothing exculpatory had been excluded.  *Cultrona,* 2020-Ohio-3250, ¶ 14 (Ohio App. 5th Dist. Jun. 5, 2020).  In overruling Cultrona's first assignment of error, the Fifth District held Cultrona had waived all but plain error review because he had not objected in the trial court on the basis of an alleged discovery violation.  *Id.* at ¶ 22.  It also held the issue of whether the State could recall a witness was committed to the discretion of the trial judge under Ohio R. Evid. 611.  The Fifth District found no abuse of discretion because the second map was created to clarify questions raised by the defense.  *Id.* at ¶ 29.

Respondent argues the first part of Ground One is procedurally defaulted because it is to recalling the witness and not on the basis of violation of the discovery rules or the right to a fair trial (Return of Writ, ECF No. 14, PageID 1901).  The Court of Appeals reviewed this claim only for plain error and found none.  An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).


In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court.  *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969);  *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio's relevant procedural rule is that an appeal to the Supreme Court of Ohio must be taken within forty-five days of judgment in the court of appeals.  No timely appeal to that court was taken here.

Cultrona claims that he did "appeal *pro se* to the Ohio Supreme Court, but that court declined jurisdiction." (Reply, ECF No. 18, PageID 1938-39, citing *State v. Cultrona*, 163 Ohio St. 3d 1515 (Ohio August 3, 2021).  As noted above, the Supreme Court allowed Cultrona to file a

delayed appeal but then declined to exercise jurisdiction.

In order to exhaust a federal constitutional claim so as to be able to obtain a habeas corpus decision on the merits, a defendant must fairly present that claim to the state courts, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009). Cultrona's first habeas corpus claim – that allowing Sergeant Hamilton to testify a second time violated discovery rules – was not presented to the Fifth District as a constitutional claim at all, but as a violation of Ohio's criminal discovery rules. Indeed, the claim is presented to this Court also as a violation of discovery rules (Petition, ECF No. 1, PageID 5).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Violation of Ohio's discovery rules is not a federal constitutional violation, except insofar as the Ohio rules reinforce the rule in *Brady v. Maryland*.

The second part of Cultrona's first assignment of error on appeal to the Fifth District claimed allowing Sgt. Hamilton to retake the witness stand to testify about his new cell site map

violated Cultrona's constitutional right to a fair trial.  While the Sixth and Fourteenth Amendments
certainly entitle a criminal defendant to a "fair trial," one does not fairly present a constitutional
claim merely by reciting the talismanic words "fair trial."  Merely using talismanic constitutional
phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional
issue.  *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326
(6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v.
Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial
by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006);
*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a
constitutional argument at length, but he must make one; the words 'due process' are not an
argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Having read Cultrona's Reply, the Magistrate Judge can find no place where he argues the
First Ground on a constitutional basis and indeed he admits "Other than the reasons set forth above,
Cultrona concedes the basis for his First habeas ground is moot."  (Reply, ECF No. 18, PageID 1957.)
The "reasons set forth above" do not relate to the merits of Ground One, but to showing ineffective
assistance of trial counsel.

Accordingly, Cultrona's First Ground for Relief should be dismissed with prejudice.

**Ground Two:  Trial Court Error in Giving Flight Instruction to the Jury**

In his Second Ground for Relief, Cultrona argues the trial court committed error in giving
the jury an instruction regarding inferences that they could draw from Cultrona's flight.

Prior to trial the State submitted a proposed jury instruction on consciousness of guilt taken
from Ohio Jury Instructions § 409.13 (State Court Record, ECF No. 13,Ex. 18).  Defendant

opposed the instruction, but his motion in limine to that effect was overruled and the instruction

was given. That formed the basis of Cultrona's Second Assignment of Error on direct appeal

(Appellant's Brief, State Court Record, ECF No. 13, Ex. 29, PageID 244-.) Trial counsel had

argued that more than two months elapsed between the crime and Cultrona's flight from the

jurisdiction, undermining any inference of consciousness of guilt. *Id.* at PageID 245. Appellate

counsel acknowledged Ohio Supreme Court precedent holding that flight at any time before trial

could be sufficient. *Id.* at PageID 245, citing *State* v. *Hand,* 107 Ohio St. 3d 378 (2006)[3] which

counsel admitted "seems dispositive of this argument." Appellate counsel attempted to distinguish

*Hand* because Hand was charged with escape at the time he fled, whereas Cultrona's flight was a

bond violation.

The Fifth District overruled Cultrona's Second Assignment of Error, holding in part

> (¶ 36) While Cultrona acknowledges *Hand*, he attempts to
> distinguish that matter from his own by pointing out that the
> defendant in Hand was charged with escape, while he was not. This
> is a distinction without a difference. Simply because Cultrona was
> not charged with escape does not make *Hand* any less applicable.
> "[F]light may be proven where it occurs after any event which would
> tend to spark a sharp impulse of fear of prosecution or conviction.in
> a guilty mind." *State v. Jeffries,* 182 Ohio App.3d 459,477, 913
> N.E.2d 493, (11th Dist. 2009) quoting *United States v. Dillon*, 870
> F.2d, 1125, 1128 (C.A.6, 1989).

*State v. Cultrona, supra.* In reaching that point, the Fifth District noted that whether to give a

particular jury instruction is committed to the discretion of the trial judge.

At no point in here argument did Cultrona's appellate counsel suggest that the Constitution

precluded the instruction, nor did the Fifth District discuss the assignment of error in constitutional

terms. Although Cultrona does not argue in these terms, abuse of discretion is not reviewable in

---

[3] The cited decision is that of the Ohio Supreme Court upholding Hand's multiple aggravated murder convictions and capital sentence. He was later denied a writ of habeas corpus in this Court in Case No. 2:07-cv-846, aff'd. 871 F. 3d 390 (6th Cir. 2017), cert. denied, ___ U.S. ___ (Apr. 23, 2018).

habeas in any event.  Abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Consequently Cultrona's Second Ground for Relief does not state a claim upon which habeas corpus relief can be granted and it should be dismissed with prejudice.

## Ground Three:  Abuse of Discretion in Admitting Prior Bad Acts Evidence

In his Third Ground for Relief, Cultrona argues the trial judge abused his discretion in admitting evidence of prior bad acts on Cultrona's part.

As just noted, abuse of discretion by a state trial judge does not amount to a denial of due process.  *Sinistaj, supra.*  The pleaded supporting facts – "Appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel argument citing trial counsel's failure to present exculpatory evidence and effectively cross-examine witnesses" – do not speak to or support the claim made, to wit, that the admission of other acts evidence somehow violated Cultrona's constitutional rights.  Finally, a stand-alone claim of constitutional error for admitting the prior bad acts evidence, does not state a claim in habeas corpus.  The Supreme Court has never held that admission of prior bad acts evidence violates the Constitution.  *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003).

> [A]s a general matter, "state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour,* 224 F.3d at 552 (quoting *Montana v. Egelhoff,* 518 U.S. 37, 43, 116 S. Ct. 2013, 135 L. Ed. 2d 361 (1996)). Ultimately, states have wide latitude with regard to evidentiary matters under the Due Process Clause. *Id.*

*Wilson v. Sheldon,* 874 F.3d 470, 475-76 (6th Cir. 2017).

Cultrona cites *United States v. Clay,* 667 F. 3d 689 (6th Cir. 2012), as a case in which a conviction was reversed by the Sixth Circuit for violation of Fed. R. Evid. 404(b). That is an accurate citation, but it is not in point. That case was tried in federal District Court for violation of federal criminal law. In applying 404(b) to hold the prior bad acts were not admissible, the Sixth Circuit did not find a constitutional violation, but rather a violation of federal evidence law. Ohio is not bound by federal precedent interpreting Fed. R. Evid. 404(b)[4].

Cultrona's Third Ground for Relief does not state a claim upon which habeas corpus relief can be granted.

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Cultrona asserts trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment when he "failed to properly investigate the case, failed to effectively cross-examine key witness, and failed to introduce exculpatory evidence." These are vague and conclusory allegations;  Cultrona does not tell the Court what further investigation trial counsel should have conducted and what that investigation would have revealed. Nor does he show what further cross-examination of which "key witness" would have revealed what exculpatory facts. Finally, he does not tell us what exculpatory evidence was available and not introduced.

The governing standard for ineffective assistance of trial counsel was adopted by the

---

[4] The authoring judge in the Clay case was The Honorable Algenon L. Marbley who was sitting by designation on the Sixth Circuit in that case. He is also the District Judge to whom this case is assigned.

Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so
> defective as to require reversal of a conviction or death sentence has
> two components.  First, the defendant must show that counsel's
> performance was deficient.  This requires showing that counsel was
> not functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This requires
> showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable.  Unless a
> defendant makes both showings, it cannot be said that the conviction
> or death sentence resulted from a breakdown in the adversary
> process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both

deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly
> deferential. . . .  A fair assessment of attorney performance requires
> that every effort be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of counsel=s challenged
> conduct, and to evaluate the conduct from counsel's perspective at
> the time.  Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that counsel's
> conduct falls within a wide range of reasonable professional
> assistance; that is, the defendant must overcome the presumption
> that, under the circumstances, the challenged action "might be
> considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that,
> but for counsel's unprofessional errors, the result of the proceeding
> would have been different.  A reasonable probability is a probability
> sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218. The burden of proof of ineffective assistance of trial counsel is on the Petitioner and it is not satisfied by vague general allegations.

Respondent asserts Ground Four is procedurally defaulted because it was not presented on direct appeal. The Magistrate Judge disagrees. Proof of Ground Four would have required Cultrona to introduce evidence outside the appeal record – proof of what counsel would have discovered if he had investigated properly, what answers he would have received if he had cross-examined effectively, what exculpatory evidence was available that was not introduced. Ohio's method for litigating claims of ineffective assistance of trial counsel which depend on evidence outside the appellate record is by petition for post-conviction relief under Ohio Revised Code § 2953.21. But the State Court Record filed here does not show that Cultrona ever filed such a petition and the time for doing so has expired: the statute of limitations for a post-conviction petition is 365 days from the date when the record is filed on appeal. Ohio Revised Code § 2953.23. Cultrona's Brief on direct appeal was filed December 2, 2019, obviously more than 365 days ago (State Court Record, ECF No. 13, Ex. 29). Cultrona cannot excuse the failure to file a post-conviction petition by blaming it on counsel because defendants are not entitled to appointed counsel in post-conviction proceedings.

Cultrona's Ground Four is barred by his procedural default in failing to present this claim to the Ohio courts.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion[5], it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

October 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[5] At various points in his Reply, Cultrona argues that numerous conclusions are "debatable among jurists of reason." That standard only applies to determining whether conclusions of this Court in deciding the case are debatable among jurists of reason. The standard does not apply to any other conclusions reached by any other entity or person associated with the case.