# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

IAN A. CULTRONA,

          Petitioner,       :     Case No. 2:22-cv-1965

  - vs -                               Chief Judge Algenon L. Marbley
                                          Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception Center,

                                        :

          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendations recommending dismissal ("Report," ECF No. 19). Chief Judge Marbley has recommitted the case to the Magistrate Judge for consideration of the Objections (ECF No. 23).

**Objections to State Court Factual Findings**

The Statement of Facts section of the Report noted Cultrona's concession that, in a habeas case, findings of fact by the state courts are binding on the habeas court unless the petitioner rebuts them with clear and convincing evidence from the state court record (ECF No. 19, PageID 1980). In his Reply, Cultrona had attempted a rebuttal by interpolating his own contentions about the facts into reproduced quotations from the decision of the Fifth District Court of Appeals. See *Id.* at

PageID 1981. The Magistrate Judge was unpersuaded by Cultrona's argument on the facts and ordered: "To the extent Cultrona objects to this conclusion, he must lay out in his Objections, with record citations, the evidence which he believes makes that rebuttal." *Id.* at PageID 1982.

In his effort to comply, Cultrona reproduces several portions of the Fifth District's factual findings and argues that because he was acquitted on the conspiracy charge, the record does not support the Fifth District's finding. For example at ¶ 2 of the opinion, the Fifth District states that Cultrona and four co-defendants arranged to buy an ounce of marijuana from Brennan Wilkin when their actual plan was to rob him (Objections, ECF No. 19, PageID 1998). Cultrona claims that because he was acquitted on the conspiracy charge, he cannot be found to have made an "arrangement" with co-defendants as this would imply a conspiracy. *Id.*

This argument relies on a logical fallacy. The fact that the jury did not unanimously agree on enough facts to convict on the conspiracy count does not logically imply they made factual findings negating each of the underlying facts. Jury decisionmaking is often referred to as a "black box": persons not on the jury do not know what the discussions were or the extent to which the final result may represent a "compromise."

To prevail on his argument that the Fifth District's decision was unreasonable based on the evidence presented, Cultrona would have to point to evidence in the record which showed he was somewhere else or he actively dissented from the arrangement or something of that sort. That he has not done.

The first twenty-two pages of Cultrona's Objections (ECF No. 19, PageID 1996-2017) are structured in the same way: because he was acquitted of a particular count or specification, he has shown by clear and convincing evidence that the relevant factual findings of the Fifth District are unreasonable. Not so. The only factual conclusion to be drawn from a not guilty verdict is that

2

jury did not find beyond a reasonable doubt the truth of the factual elements. That simply does not show by clear and convincing evidence that the true facts are the opposite of what the state court found.

**Ground Three: Abuse of Discretion in Admitting Prior Bad Acts Evidence**

The Report recommended dismissal of Ground Three because it does not state a claim upon which habeas corpus relief can be granted: neither abuse of discretion nor admitting prior bad acts evidence violates clearly established Supreme Court precedent (Report, ECF No. 19, citing *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003); and *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Cultrona's objection on Ground Three reads in its entirety

> Cultrona disagrees. The state-court evidentiary ruling rises to the level of a due process violation because offended Cultrona's right to a fair trial, a principle of justice, which is so rooted in the traditions and conscience of our people as to be ranked as fundamental.

(Objections, ECF No. 22, PageID 2017). Cultrona cites no authority questioning or reversing *Bugh*, which remains the controlling law.

**Ground Four: Ineffective Assistance of Trial Counsel**

Regarding Ground Four, the Report reads:

> In his Fourth Ground for Relief, Cultrona asserts trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment when he "failed to properly investigate the case, failed to effectively cross-examine key witness, and failed to introduce exculpatory evidence." These are vague and conclusory allegations; Cultrona does not tell the Court what further investigation trial counsel should have conducted and what that investigation would

3

> have revealed. Nor does he show what further cross-examination of which "key witness" would have revealed what exculpatory facts. Finally, he does not tell us what exculpatory evidence was available and not introduced.

(Report, ECF No. 19, PageID 1989).

In his Objections, Cultrona does not answer any of these questions. Instead, he asserts "[t]he documents on which he eventually relied for his ineffective assistance of trial counsel claim could have been in the record on direct appeal because they were in the trial court record." (Objections, ECF No. 22, PageID 2018). Again, this claim is vague and conclusory: what documents is he referring to? Even if he does not have the documents with him in prison, he could at least describe what they are.

Cultrona does not dispute the Report's conclusion that Ground Four is procedurally defaulted because he did not file a petition for post-conviction relief under Ohio Revised Code § 2953.21 and bring into the record the supporting documents for this claim. He concedes Ohio's criminal *res judicata* rule, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. But he claims ineffective assistance of appellate counsel will excuse the procedural default (Objections, ECF No. 22, PageID 2019).

Ineffective assistance of appellate counsel can provide excusing cause for a procedural default in state court, unless that claim is also procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Cultrona filed an Application to Reopen under Ohio R. App. P. 26(B)(Application, State Court Record, ECF No. 13, Ex. 32). As Omitted Assignment of Error 2, he pleaded that he had received ineffective assistance of trial counsel in that his trial attorney's "performance was deficient and prejudicial when said counsel failed to properly and effectively cross-examine key witnesses, introduce key exculpatory evidence of bullet holes in Cultrona's van

4

that occured [sic] during the shooting, and failed to properly investigate the case." *Id.* at PageID 281.

The Fifth District Court of Appeals ruled on the Omitted Assignment of Error 2 as follows:

> As noted by the state, however, appellant fails to support any of his arguments under this proposed assignment of error with any reference to any part of the record. Appellant first appears to argue bullet holes in his van were exculpatory evidence which should have been presented to the jury by trial counsel, but provides no transcript cite or source within the record of this information. Appellant further argues trial counsel failed to properly and effectively cross-examine key witnesses, but does not identify which witnesses nor explain where counsel's cross-examination fell short. Likewise, appellant does not explain why trial counsel's investigation of the case was inadequate. Appellate Rule 16(A)(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Because appellant has failed to comply with App.R.16(A)(7), we decline to address the second proposed assignment of error.

(Judgment Entry, State Court Record, ECF No. 13 Ex. 34, PageID 307).

After losing on the 26(B) Application, Cultrona filed a five-page singe-spaced Motion for Reconsideration. *Id.* at Ex. 35, PageID 308-12. In it he specifies that trial counsel failed to cross-examine Samantha Owens about how her story of what happened changed from there being two gunmen to three after she talked to Detective Moore about probation. He also notes that trial counsel failed to "present the Evidence Technician Report (117-118 of Discovery) or the pictures photographically documented by the Tuscarawas County Sheriffs Dept showing everything Mr. Cultrona had on him December 5th 2018 when arrested." *Id.* at PageID 311.

These are factually detailed claims of ineffective assistance of trial counsel based on facts Cultrona knew, but which he failed to present in his original Application for Reopening. Why? He now says it is because his appellate attorney did not properly compile the record or provide

him with a transcript (Objections, ECF No. 22, PageID 2020). This does not explain how he knew the specific claims of ineffective assistance of trial counsel to make in the Motion for Reconsideration but didn't know them to make in the Application itself. He also claims to prove all this with an attached Affidavit, but there is no such Affidavit filed with his Objections.

To determine whether a claim is precluded by procedural default, we apply the four-part test prescribed by *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). Ohio has a relevant rule -- Ohio R. App. P. 16(A)(7) – which was enforced against Petitioner. The requirements for presentation of an omitted assignment of error are plainly independent of the state or federal nature of the claim. They are also adequate in the sense that they provide an Ohio appellate court with specificity and record references to enable it to decide a case. To the extent Cultrona seeks to excuse his failure to abide by the rule, allegations and indeed record references in his Motion for Reconsideration belie his claim he did not have the information. Therefore Cultrona's Ground Four is procedurally defaulted and the default is not excused by ineffective assistance of appellate counsel.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

December 2, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
