**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IAN A. CULTRONA,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **Case No. 2:22-cv-1965** |
| **v.** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **WARDEN, Correctional Reception Center,** | : | |
| | : | **Magistrate Judge Michael R. Merz** |
| **Respondent.** | : | |
| | : | |

**OPINION & ORDER**

In April 2022, Petitioner Ian Cultrona, a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Now before this Court are Petitioner's Objections (ECF Nos. 22, 27) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 19) and Supplemental Report and Recommendation ("SR&R") (ECF No. 24). For the reasons stated below, the Magistrate Judge's R&R (ECF No. 19) is **ADOPTED** with modifications. Accordingly, Petitioners Objections (ECF No. 22; ECF No. 27) are **OVERRULED**, and his Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

## I.    BACKGROUND

Petitioner Ian Cultrona is incarcerated at the Correctional Reception Center in Orient, Ohio. (ECF No. 1 at 1). On January 18, 2019, the Tuscarawas County Grand Jury returned an eight-count indictment in case number 2018 CR 12 0462, charging Petitioner with three counts of attempted murder, one count of aggravated robbery, three counts of felonious assault, and one count of conspiracy, each with a firearm specification. (ECF No. 13, Ex. 1). At trial, Petitioner was found guilty of aggravated robbery and felonious assault, the latter with a firearm specification. (ECF No. 13, Ex. 20). Petitioner was found not guilty of conspiracy, as well as not

guilty of the firearm specifications on the conspiracy and aggravated robbery counts. (*Id*.). The jury was unable to reach a verdict on the three counts of attempted murder and the court declared a mistrial on those charges and the associated firearm specifications. (ECF No. 13, Ex. 21). Cultrona was sentenced to an aggregate prison term of eleven years; the State did not retry the mistried counts.

Petitioner appealed to the Ohio Fifth District Court of Appeals, raising two assignments of error:

> {¶ 18} The trial court committed an error when it permitted Sergeant Hamilton to testify a second time regarding his newly created cell phone map, as that testimony violated discovery rules and appellant's constitutional right to a fair trial.

> {¶ 19} The trial court committed error when it overruled defendant's motion in limine and gave the jury an instruction on "flight".

*State v. Cultrona*, 2020-Ohio-3250 ¶¶ 18–19, 2021-Ohio-678, 161 Ohio St. 3d 1470, 164 N.E.3d 469. The Fifth District overruled both assignments of error and affirmed the judgment of the trial court. *Id*. at ¶¶ 30, 38–39.

Petitioner then filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B), asserting ineffective assistance of appellate counsel in failing to raise the following assignments of error:

> 1. The trial court abused its discretion in permitting irrelevant prejudicial prior acts evidence and inferences in violation of Evid. R. 404(B).

> 2. Violation of Cultrona's Sixth Amendment right to effective assistance of counsel.

> Cultrona's trial counsel's performance was deficient and prejudicial when said counsel failed to properly and effectively cross-examine key witnesses, introduce key exculpatory evidence of bullet holes in Cultrona's van that occurred during the shooting, and failed to properly investigate the case.

(ECF No. 13, Ex. 32).  Petitioner's application was denied. (ECF No. 13, Ex. 34).  Petitioner

subsequently filed a motion for reconsideration pursuant to Ohio R. App. P. 26(A), which was also

denied.  (ECF No. 13, Ex. 36).  Petitioner then appealed these denials to the Supreme Court of

Ohio (ECF No. 13, Ex. 41), which declined to accept jurisdiction.  (ECF No. 13, Ex. 44).  The

Ohio Supreme Court did, however, later grant Petitioner leave to file a delayed direct appeal, (ECF

No. 13, Ex. 50), but ultimately declined to exercise jurisdiction over it as well.  (ECF No. 13, Ex.

53).

    Following the Ohio Supreme Court's refusal to exercise jurisdiction, Petitioner filed a

motion to correct the record with the trial court (ECF No. 13, Ex. 54), which denied the motion on

the grounds that it lacked jurisdiction to modify the appellate court's opinion.  (ECF No. 13, Ex.

56).  Petitioner appealed to the Fifth District, but failed to file an appellate brief, and the appellate

court dismissed the case.  (ECF No. 13, Ex. 58).  The appellate court denied Petitioner's subsequent

motion to reconsider.  (ECF No. 13, Ex. 60).  Petitioner filed a notice of appeal with the Ohio

Supreme Court, which declined to accept jurisdiction.  (ECF No. 13, Ex. 64).

    Petitioner then filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to

28 U.S.C. § 2254.  (Petition, ECF No. 1).  In his Petition, Petitioner identifies four grounds on

which he seeks habeas relief:

> GROUND ONE: The trial court committed an error when it permitted testimony that violated discovery rules and Petitioner's constitutional right to a fair trial.
>
> SUPPORTING FACTS: Sergeant Hamilton testified a second time about his newly created cell phone map.
>
> GROUND TWO: The trial court committed error when it overruled Defendant's motion in limine and gave the jury an instruction on "flight".

3

SUPPORTING FACTS: There was a two-month time span between his crimes and his flight, the matter was a bond violation rather than a flight from justice and did not warrant a flight instruction.

GROUND THREE: The trial court abused its discretion in permitting irrelevant prejudicial prior acts evidence and inferences in violation of Evid. R. 404(B).

SUPPORTING FACTS: Appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel argument citing trial counsel's failure to present exculpatory evidence and effectively cross-examine witnesses.

GROUND FOUR: Trial counsel was ineffective.

SUPPORTING FACTS: Trial counsel failed to properly investigate the case, failed to effectively cross examine key witness[sic], and failed to introduce exculpatory evidence.

(*Id*. at 5–10).  Petitioner, in his Reply, also contested the Fifth District's factual findings and provided his own version of the facts (ECF No. 18 at 4–6), which he later supported with citations to the record in his first Objections to the R&R.  (ECF No. 22 at 3–21).

The Magistrate Judge considered the grounds that Petitioner raised and recommended that the Petition be dismissed with prejudice, that the Petitioner be denied a certificate of appealability, and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.  (R&R, ECF No. 19 at 16).  Petitioner filed an objection to the Magistrate Judge's R&R, in which he attempted to rebut the factual findings of the Fifth District Court of Appeals and asserted that the Magistrate Judge's conclusions regarding Grounds 3 and 4 were incorrect.  (Cultrona's Objection, ECF No. 22).  Petitioner did not object to the Magistrate Judge's conclusions regarding Grounds 1 and 2.  (*Id*.).

In response to Petitioner's objections, the Magistrate Judge issued the SR&R that addressed each of Petitioner's objections and recommended, again, that the Petition be dismissed with prejudice.  (SR&R, ECF No. 24).  Petitioner filed an objection to the SR&R, in which he asserted

4

that the Magistrate Judge's analysis of his three objections was incorrect.  (Objection of Ian Cultrona, ECF No. 27).  Over a month later, Petitioner filed an untimely amended objection that mixed previously made arguments against the Magistrate Judge's conclusions within the SR&R with novel ones.  (Amended Objection of Ian A. Cultrona, ECF No. 28).  These objections were struck for untimeliness (ECF No. 29), and Petitioner's motion to alter or amend that order was denied.  (ECF No. 31).  The Petition is now ripe for this Court's consideration.

## II.    STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c).  After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## III.    LAW AND ANALYSIS

As an initial matter, Petitioner has not objected to the Magistrate Judge's R&R regarding Grounds 1 and 2.  Therefore, this Court will only review the Magistrate Judge's R&R with respect to Ground 3 (abuse of discretion by the trial court in admitting prior bad acts evidence) and Ground 4 (ineffective assistance of trial counsel).

### A.  Failure to State a Claim

Based on Petitioner's Reply and Objections, it appears Petitioner's third Ground for Relief has two parts.  Petitioner argues that: (1) the trial court violated his constitutional right to a fair trial when it allowed prior bad acts evidence to be introduced; and (2) the Fifth District's decision to overrule this claim was based on an unreasonable determination of the facts in light of the evidence.  For the following reasons, the first part of Petitioner's third Ground for Relief does not

state a claim upon which habeas corpus relief can be granted.

The Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA") applies to habeas corpus petitions filed after 1996, including the Petition before this Court.  *See Miller v. Francis*, 269 F.3d 609, 613 (6th Cir. 2001).  Under AEDPA, an application for a writ of habeas corpus can only be granted where the state court's adjudication of the claims raised in the application:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Miller*, 269 F.3d at 613–614.

Under § 2254(d)(1), "clearly established Federal law" refers to the holdings of the Supreme Court at the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Federal law where its conclusion is opposite to that reached by the Supreme Court on a question of law or where its outcome is different than an outcome previously reached by the Supreme Court on "materially indistinguishable facts."  *Id*. at 412–13.  An *incorrect* application of federal law is not necessarily an *unreasonable* application of federal law; a federal court may only issue a writ of habeas corpus under the "unreasonable application" prong of § 2254(d)(1) where it concludes that the application was incorrect *and* unreasonable.  *Id*. at 410–11.

As the Magistrate Judge's R&R explains, an alleged abuse of discretion by a state court judge, without more, is not a constitutional violation.  *See Sinistraj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995) (holding that a state court's abuse of discretion in denying a motion to withdraw a

waiver of a jury trial is not a *per se* violation of the federal Constitution); *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (holding that a state court's alleged abuse of discretion in denying a severance motion is not, by itself, a violation of the Constitution). Furthermore, the Supreme Court has never held that a state violates due process by permitting bad acts evidence. *Bugh v. Mitchell*, 329 F.3d 496, 512–13 (6th Cir. 2003) (holding that, because "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence[,]" a trial court's decision to allow such evidence could not be considered "contrary to" Supreme Court precedent under AEDPA). State courts enjoy a "wide latitude" with regard to evidentiary matters under the Due Process Clause. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000). In order for a state court evidentiary ruling to rise to the level of a due process violation, the ruling must "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour*, 224 F.3d at 552 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). Establishing whether a principle is fundamental is guided by historical practice. *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

In his first Objection, Petitioner states that the admission of prior bad acts evidence violated his constitutional right to a fair trial. (ECF No. 22 at 22). Petitioner fails to support his argument, however, with any authority to undermine the Sixth Circuit's holding in *Bugh*. Therefore, he fails to meet his heavy burden to establish that a certain principle of justice is "fundamental." As a result, Petitioner has not demonstrated that the state court's decision is contrary to any "established Federal law," and has not stated a cognizable claim for relief under § 2254(d)(1).

The second part of Petitioner's third Ground for Relief and Petitioner's fourth Ground for Relief, however, do not suffer from the same infirmity and are discussed further below.

## B. Procedural Default

Having concluded that the first part of Petitioner's third Ground for Relief does not state a cognizable habeas claim, this Court now considers whether the remaining claims—part two of Petitioner's third Ground for Relief and his fourth Ground for Relief—are procedurally defaulted.

### 1. Failure to Exhaust State Remedies

Individuals like Petitioner, who are convicted of an Ohio criminal offense may challenge their convictions in multiple ways in state court. In fact, "[i]n recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims *is required* to present those claims to the state courts for consideration" before bringing a petition for federal habeas corpus to this Court. *Twyford v. Bradshaw*, 2017 WL 4280955, at *16 (S.D. Ohio Sept. 27, 2017) (emphasis added) (citing 28 U.S.C. § 2254(b), (c)). If a defendant fails to do so and can no longer present his claims to the state courts—in other words, he has procedurally defaulted on the claims—he has also waived those claims for purposes of federal habeas corpus review. *Id*.

Procedural default analysis is performed on a claim-by-claim basis, and there are several junctures at which a defendant may procedurally default on a claim. During trial, counsel must lodge a contemporaneous objection to preserve an issue for review under any standard but "plain error." *See, e.g.*, *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011) (discussing Ohio's contemporaneous objection rule). In Ohio, claims that appear on the face of the trial record must be raised on direct appeal, or they will be waived under Ohio's doctrine of *res judicata*. *State v. Perry*, 10 Ohio St. 2d 175, 179–80 (1967). A petitioner must also present those claims to the state's highest court, in order to exhaust his state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838,

844-45 (1999). Additionally, in order to preserve claims on either level of appeal, a petitioner must fairly present both the factual and legal underpinnings of each of his federal claims to the state courts. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). It is true that "a petitioner need not recite 'book and verse on the federal constitution,'" *id*., but that does not absolve him of making legal arguments in his habeas petition under the federal law or constitutional amendment that he urges was violated.

Claims that are based on facts outside the record will not be barred by *res judicata* in Ohio if the evidence outside the record demonstrates that the petitioner was unable to appeal the constitutional claim based upon information contained within the record. *Gaston v. State of Ohio*, 27 Fed.Appx. 301, 306 (6th Cir. 2001) (unreported) (citing *State v. Lawson*, 103 Ohio App.3d 307, 315 (Ohio Ct. App. 1995)). In this scenario, an individual must petition an Ohio state court for post-conviction relief under O.R.C. § 2953.21 and present the necessary outside evidence. *Id*. (citing *Ohio v. Cooperrider*, 4 Ohio St.3d 226 (1983)).

An individual claiming a constitutional violation must file his Ohio post-conviction petition within three hundred and sixty-five days after the trial transcript is filed in the court of appeals. O.R.C. § 2953.21(A)(2)(a). Untimely petitions will not be entertained, except under very narrow circumstances. O.R.C. § 2953.23(A). A petitioner's failure to file timely constitutes a failure to exhaust state remedies, and therefore, procedural default. *See Gunner v. Welch*, 749 F.3d 511, 516 (6th Cir. 2014) ("it is common ground that, unless petitioner can show cause for his failure to file a petition for post-conviction relief in Ohio . . . the claim is procedurally forfeited"); *Gaston*, 27 Fed.Appx. at 307 (remanding with instructions to dismiss claims for failure to exhaust state remedies because the petitioner—who had missed the deadline to file a timely petition for post-conviction relief under O.R.C. § 2953.21—had not yet filed an untimely petition for post-

conviction relief under O.R.C. § 2953.23).

If a petitioner has procedurally defaulted, this Court is barred from reaching the defaulted claims unless Petitioner can show either: (1) cause for the procedural default and prejudice from the alleged constitutional error; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), because of Petitioner's "actual innocence of the substantive offense," *Dretke v. Haley*, 541 U.S. 386, 387 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). To show "cause," Petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that Petitioner's counsel—trial counsel *or* appellate counsel—was ineffective under *Strickland v. Washington*, 466 U.S. 687 (1984). *Coleman*, 501 U.S. at 753; *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432–33 (6th Cir. 2006); *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013). A petitioner can show "prejudice" if he can show that he "might not have been convicted" but for the constitutional error. *Reed v. Ross*, 468 U.S. 1, 12 (1984). The "actual innocence" exception is a notoriously narrow one that requires new evidence of innocence. *See Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

In his fourth Ground for Relief, Petitioner argues that his trial counsel was ineffective for failing to investigate the case, cross-examine a key witness, and introduce exculpatory evidence.

Petitioner has not yet filed for post-conviction relief in Ohio, so any arguments that rely on evidence beyond the record are not ripe for federal *habeas* review. Furthermore, while Petitioner brought a claim of ineffective assistance of trial counsel to the state appellate court in his motion to reopen, he failed to support the claim with sufficient specificity and evidence and the motion was denied for failing to follow the Ohio Rules of Appellate Procedure. (ECF No. 13, Exhibit 34). He attempted to provide the requisite support in a subsequent motion to reconsider, but the Fifth

District denied that motion as well, because "a motion for reconsideration is not an opportunity for a second bite of the apple." (ECF No. 13, Exhibit 36). Thus, any ineffective assistance of trial counsel arguments that rely on evidence within the record have also not been properly preserved for federal *habeas* review, and they are procedurally defaulted unless Petitioner can show either "cause and prejudice" or "actual innocence."

Petitioner alleges that his trial counsel was ineffective for: (1) failing to investigate the case properly; (2) failing to cross examine a key witness effectively; and (3) failing to introduce exculpatory evidence. (ECF No. 1 at 10). In his Reply, Petitioner reiterates those allegations and adds that his trial counsel made poor strategic or tactical choices, lacked a strategy of consequences, and acted "with reckless disregard for [Petitioner's] best interest and apparently with the intention to weaken [Petitioner's] case." (ECF No. 18 at 24). While Petitioner failed to include more specific allegations in his Petition and Reply describing *how* these alleged failures rendered his trial counsel's performance ineffective, these details can be found in the Motion to Reconsider he filed in his direct appeal to the Ohio Fifth District Court of Appeals. (ECF No. 13, Ex. 35). In that motion, Petitioner specifically argued that his trial counsel: (a) failed to use the evidence and testimony available to establish that there were two gunmen, not three; (b) failed to impeach the eyewitness that claimed Petitioner was one of the gunmen using her prior inconsistent statements and possible motivation to fabricate testimony; (c) failed to impeach witnesses using their prior inconsistent statements to show that their recollection of the incident changed after meeting with one of the detectives; and (d) "failed to properly investigate the case and present the Evidence Technician Report . . . or the pictures . . . showing everything [Petitioner] had on him [when he was arrested]" to rebut the allegation that Petitioner was found with a "yellow bag of marijuana among his belongings[.]" (*Id.*). Petitioner's specific allegations contained within his

11

Motion to Reconsider are supported by citations to both trial testimony and police reports that were not admitted into evidence. Police reports that were not admitted into evidence are not part of the record on appeal.

Petitioner's first argument, that his trial counsel failed to establish that there were two gunmen instead of three, does not rely on evidence beyond the record. Petitioner cites to both witness testimony and police reports in support of his argument, and a review of the record as a whole demonstrates that the relevant contents of the police reports—which were not admitted into evidence—were nonetheless disclosed during cross-examination if they contradicted the witness's testimony on direct examination. (Direct Examination of Gannon Baker, ECF No. 13-2 at 430–33 (Baker, a victim, testifying that he saw two gunmen exit Petitioner's van, but did not look behind his car or see a third gunman, which is fully consistent with what Petitioner alleges Baker said in the police report); Cross-examination of Brennan Wilkens, ECF No. 13-2 at 776–78 (Petitioner's trial counsel impeaching Wilkins, a victim, with his prior inconsistent statements to police regarding how many gunmen were present); Cross-examination of J'Meara Sterns, ECF No. 13-2 at 795–96 (Petitioner's trial counsel impeaching Sterns, a victim, with his prior inconsistent statements to police regarding how many gunmen were present)). Thus, all of Petitioner's support for this argument is contained within the record and the argument is, therefore, procedurally barred from federal *habeas* review because Petitioner failed to preserve the argument properly on his direct appeal (ECF No. 13, Exhibit 34), unless Petitioner can show either "cause and prejudice" or "actual innocence."

Petitioner's second argument, that his trial counsel failed to impeach the eyewitness who claimed that Petitioner was one of the gunmen, relies on evidence contained wholly within the record. Similar to the first argument, Petitioner cites to witness testimony and police reports, and

a review of the record as a whole demonstrates that the relevant contents of the police reports—which were not admitted into evidence—were nonetheless disclosed during the cross-examination of the witness. (Cross-examination of Samantha Owens, ECF No. 13-2 at 741–50 (Petitioner's counsel impeaching Owens, a co-conspirator, using her prior inconsistent statements to police and the deal she was offered by the prosecution for her testimony)). Thus, all of Petitioner's support for this argument is contained within the record and the argument is, therefore, procedurally barred from federal *habeas* review because Petitioner failed to preserve the argument properly on his direct appeal (ECF No. 13, Exhibit 34), unless Petitioner can show either "cause and prejudice" or "actual innocence."

Petitioner's third argument, that his trial counsel failed to impeach witnesses using their prior inconsistent statements to show that their recollection of the incident changed after meeting with one of the detectives, relies on evidence beyond the record. Petitioner alleges that Detective Moore "suggested details to the witnesses that caused them to change their stor[ies]" and that his trial counsel "failed to cross examine" them on that change. (Exhibit 35, ECF No. 13 at 263). Petitioner cites one example in the record where a witness states that the detective told him the van involved in the incident was a different color than the witness remembered it to be. (*Id.*). But the witness in Petitioner's example did not change their story; rather, the witness maintained that the van was red in his testimony contrary to what Detective Moore told him. (Testimony of Gannon Baker, ECF No. 13-2 at 392, 395). In order to show that his trial counsel failed to establish that Detective Moore's suggestions caused witnesses to change their testimony, Petitioner must necessarily rely on evidence beyond the record. This would include the prior statements made to police that contradicted the testimony at trial, evidence that Detective Moore made suggestions of facts to the witnesses, and evidence that shows the witnesses changed their stories in response to

13

the detective's suggestions. This argument is barred from review by this Court at this time because Petitioner has not sought post-conviction relief under O.R.C. § 2953.21. Because the deadline for filing a timely petition under this statute has expired, Petitioner must seek relief with an untimely petition filed pursuant to O.R.C. § 2953.23. However, if Petitioner cannot meet the stringent requirements for an untimely petition, the argument is procedurally defaulted and barred from federal *habeas* review.

Petitioner's fourth and final argument, that his trial counsel "failed to properly investigate the case and present the Evidence Technician Report . . . or the pictures . . . showing everything [Petitioner] had on him [when he was arrested]" to rebut the allegation that Petitioner was found with a "yellow bag of marijuana among his belongings[,]" does not necessarily rely on evidence beyond the trial record. While the Evidence Technician Report was not admitted into evidence, the photographs Petitioner references were admitted. These photographs, along with the testimony of a witness, establish that Petitioner did not have a bag of marijuana *on his person* when he was arrested, which is exactly what Petitioner alleges the Evidence Technician Report would confirm. The photographs and testimony do, however, establish that a yellow bag of marijuana was found in the room he was arrested in, which would not have been noted in the Evidence Technician Report. Thus, all of Petitioner's necessary support for this argument is contained within the record and the argument is, therefore, procedurally barred from federal *habeas* review because Petitioner failed to preserve the argument properly on his direct appeal (ECF No. 13, Exhibit 34), unless Petitioner can show either "cause and prejudice" or "actual innocence."

### 2. Cause and Prejudice

Petitioner does not argue "actual innocence," but he does argue that his procedural defaults are excused due to ineffective assistance of appellate counsel. Petitioner had two opportunities to

present the state appellate court with his ineffective assistance of trial counsel argument.

The first opportunity to present this argument to the appellate court was on his direct appeal, where his appellate counsel omitted the argument in favor of others. Petitioner, in his Reply (ECF No. 18 at 13) and First Objections (ECF No. 22 at 24), recites the law regarding whether an appellate counsel's failure to raise an issue on appeal rises to the level of ineffective assistance of counsel, but makes no actual argument that his appellate counsel was deficient in this regard.

The second opportunity was in Petitioner's motion to reopen his direct appeal under Ohio R. App. 26(B), where Petitioner attempted to include the argument but failed to support adequately the argument as required by Ohio R. App. 16(A)(7). As "cause" for this failure, Petitioner states that his appellate counsel failed to provide him with "a transcript of all the evidence submitted to the Fifth District [Court of Appeals]" and, as a result, Petitioner was unable to provide sufficiently specific support in his application to reopen his appeal. (Petitioner's Objections to the R&R, ECF No. 22 at 24–25); (Petitioner's Objections to the Supplemental R&R, ECF No. 27 at 6). In support of this argument, Petitioner has submitted several communications between himself and his appellate counsel that indicate he repeatedly sought his transcripts from his appellate counsel throughout the appellate process—nine months of futile requests—until he finally acquired them at some time after his appeal was denied. (ECF No. 27 at 10–23). Petitioner alleges that, by failing to provide a trial transcript, his appellate counsel's performance was deficient. (*Id.* at 6).

This Court is not persuaded and concludes that Petitioner has not established "cause" that would excuse his procedural default on the remaining arguments under Ground Four. Petitioner's counsel's performance cannot be considered deficient when, at the time Petitioner was preparing his application to reopen his appeal, he was no longer represented by his appellate counsel.

Petitioner was also not prevented from obtaining the trial transcript by his former appellate counsel. In Petitioner's only letter to his appellate counsel dated after the appellate court's decision to deny his appeal, Petitioner acknowledged that he had a limited window of time to file his application to reopen his appeal, gave permission for a third-party to pick up the trial transcripts from his appellate counsel and mail them to him, and admitted that his sister lived only three hours away and could have picked up the transcripts at any time. Further undermining Petitioner's claim that he could not acquire the transcripts in time to support his application to reopen properly is the fact that he submitted his application over a week before the deadline. Finally, and most notably, nowhere in Petitioner's arguments does he state that he ever filed a request for the transcripts with the Tuscarawas County Court of Common Pleas.

In short, Petitioner has failed to provide sufficient evidence for this Court to find that his procedural defaults are excused. This conclusion is not inconsistent with the past decisions of this Court and other district courts within the Sixth Circuit. *See, e.g.*, *Book v. Cook*, No. 2:10-CV-1081, 2012 WL 628716 (S.D. Ohio Feb. 27, 2012), *report and recommendation adopted,* No. 2:10CV1081, 2012 WL 1030522 (S.D. Ohio Mar. 27, 2012) (concluding that a claim of ineffective assistance of appellate counsel for failure to provide the petitioner with trial transcripts is "without merit"); *United States v. Groenendal*, No. 1:11-CR-260, 2020 WL 3046010 (W.D. Mich. June 8, 2020) (stating that there is no constitutional right to the assistance of counsel after a court of appeals has denied an appeal, and, therefore, the petitioner's constitutional rights were not violated when his appellate counsel refused to provide him with copies of his trial and sentencing transcripts and there was no evidence that petitioner ever requested his transcripts from any court); *see also Russell v. Jackson*, No. 2:08-CV-171, 2009 WL 1542821 (S.D. Ohio May 29, 2009), *report and recommendation adopted,* No. 2:08CV171, 2009 WL 2487070 (S.D. Ohio Aug. 11, 2009) (finding

16

that there is no "cause" to excuse procedural default where the petitioner was given trial transcripts by their appellate counsel only fifty-seven days prior to the deadline to file a motion to reopen under Ohio R. App. P. 26(B) and the petitioner failed to provide any evidence to show he was prevented from requesting a copy of his transcripts earlier).

Even if this Court assumes *arguendo* that the failure to send Petitioner the trial transcripts qualifies as "cause" for his procedural default, Petitioner has failed to persuade this Court that the ineffective assistance of which he complains was prejudicial. That is, it is far from evident that the outcome of Petitioner's trial would have been different. The record clearly demonstrates that Petitioner's trial counsel *did* cross-examine and impeach the witnesses who gave prior inconsistent statements to the police, and counsel even highlighted those inconsistencies again during closing arguments. Furthermore, Petitioner's argument about whether the bag of marijuana was found "among his belongings" or merely in the room in which he was arrested lacks any material amount of exculpatory value when compared to the rest of the record.

## C. Merits

This Court now turns to the second part of Petitioner's third Ground for Relief. Petitioner argues that the Fifth District's decision to reject his proposed assignment of error—that his appellate counsel was ineffective for not arguing that the trial court abused its discretion in permitting prior bad acts evidence—is based on an unreasonable determination of the facts in light of the evidence presented at trial.

"A federal court may grant a writ under § 2254(d)(2) if the state court proceedings 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill v. Shoop*, 11 F.4th 373, 384 (6th Cir. 2021) (en banc) (quoting 28 U.S.C. § 2254(d)(2)). A merely incorrect determination is not necessarily an

*unreasonable* determination, which is a "substantially higher threshold." *Id.* (quoting *Schiro v. Landrigan*, 550 U.S. 465, 473 (2007)). An "unreasonable determination" is one that "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement.'" *Miles v. Jordan*, 988 F.3d 916 (6th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Additionally, "the petitioner must show that the resulting state court decision was 'based on' that unreasonable determination." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). The factual findings of the state court are presumed to be correct, but this presumption may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Federal courts should only review the factual findings and legal conclusions of the state court that most recently adjudicated the claims made in the habeas petition on their merits. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

In adjudicating Petitioner's third Ground, the Fifth District agreed with Petitioner that the prior bad acts evidence was improperly admitted. (ECF No. 13, Ex. 34). However, the Fifth District concluded that the error "did not have an impact on the verdict and the error was harmless beyond a reasonable doubt." (*Id.*). The justification for this conclusion was that: (1) "Cultrona was acquitted of the most serious counts of the indictment"; and (2) there was "ample evidence" introduced at trial "to prove Petitioner possessed a firearm on the day of the incident." (*Id.*). While the first reason is irrelevant because it does not rely on the factual findings, the Fifth District's second reason directly ties its ultimate decision to its factual findings. The court, in support of their holding, pointed to "three witnesses" that proved Petitioner had brandished a gun prior to the admission of the improper character evidence. (*Id.*). Those three witnesses were Samantha Owens, who testified that Petitioner had a gun that day and brandished it in commission of the robbery, Lisa Freetage, who testified that Petitioner was in possession of a firearm immediately before travelling to the scene of the incident, and Detective Sergeant Ryan Hamilton, who testified

18

that Petitioner was arrested the day of the incident while in possession of a firearm.  (*Id.*).

Petitioner, to succeed on this claim, must establish several crucial elements.  The first is that he must show, by clear and convincing evidence, that the factual findings of the state court are incorrect.  Next, Petitioner must show that the incorrect factual findings are also unreasonable.  Finally, he must show that the state court based their decision on these unreasonable facts.  Petitioner has not met any of these requirements.

In Petitioner's version of the factual findings contained within his Reply, he admits to *possessing* a firearm on the day in question.  (ECF No. 18 at 4).  However, Petitioner argues that the Fifth District's finding that he—at the same time as his co-defendants—left his van and *brandished* a handgun is unreasonable because (1) he was found not guilty of conspiracy;[1] and (2) he was found not guilty of the firearm specification to the aggravated robbery.  (Petitioner's Objections to the R&R, ECF No. 22 at 10).  Petitioner also argues that the Fifth District's finding that he "aim[ed] [his] weapon[] at the occupants and demand[ed] [the victim's] marijuana and cash" is unreasonable because he was acquitted of the firearm specification to the aggravated robbery charge.  (*Id.* at 12).

Magistrate Judge Merz, in his SR&R, states that Petitioner, in order to prevail on this argument, must "point to evidence in the record which showed he was somewhere else or he actively dissented from the arrangement of something of that sort."  (ECF No. 24 at 2).  The SR&R further states that a not guilty verdict means the jury did not find that each element was proven beyond a reasonable doubt, nothing more.  (*Id.*).  It does not mean that "the facts are opposite of what the state court found."  (*Id.*).

---

[1] Petitioner argues that his acquittal of the conspiracy charge necessarily means he could not have exited his car and brandished a gun in unison with two other co-conspirators, presumably because such synchronous action—in Petitioner's view—would have required prior planning.

This Court agrees with the Magistrate Judge in part. The only legal conclusion that a not guilty verdict supports is that at least one element of the charged offense was not proven beyond a reasonable doubt. This Court, however, disagrees to the extent that Petitioner could prevail on this argument, even in the absence of evidence that he was somewhere else or that he actively dissented from the arrangement, if there was *no* evidence to support the Fifth District's factual findings. This is not the case. For whatever weight—if any—Petitioner's not guilty verdicts on the conspiracy charge and the firearm specification on the aggravated robbery charge is worth, it is certainly equaled or outweighed by the weight of his convictions on the three felonious assault charges, all with firearm specifications.

Looking beyond the jury verdicts themselves, the evidence at trial is sufficient to support the Fifth District's factual findings as well. One eyewitness testified that she saw Petitioner brandish a gun while being an active participant in the robbery. Petitioner argues that her testimony is unreliable because of her prior inconsistent statements and deal with the prosecution. This argument, however, goes towards the *weight* of her testimony, not its sufficiency. It is not this Court's place to question the weight that the Fifth District gave to her testimony, the fact that it *exists* and is not *demonstrably false* is enough for this Court to conclude that Petitioner has failed to establish that the Fifth District's decision is so obviously wrong that its error lies "beyond any possibility for fairminded disagreement." The second part of Petitioner's third Ground for Relief is denied.

## IV.    CONCLUSION

Having considered Petitioner's grounds for relief and his objections to the Magistrate Judge's R&R and SR&R, this Court finds they are without merit. Accordingly, the Magistrate Judge's R&R (ECF No. 19) is hereby **ADOPTED** with modifications, Petitioner's Objections

20

(ECF No. 22; ECF No. 27) are **OVERRULED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

    **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 15, 2024**